IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JEREMY BUNN                                                                                                           PLAINTIFF

v.                                          Civil No. 4:22-cv-04089-SOH-BAB

SHERIFF ROBERT GENTRY,                                                                              DEFENDANTS
JAIL ADMINISTRATOR CHRIS
WOLCOTT,
and NURSE TAMMY FOWLER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

## I. BACKGROUND

The precursor to this case was filed by Ronnie Luna, an inmate of the Sevier County Sheriff's Office ("SCSO"), on behalf of himself and 20 other SCSO inmates in *Luna v. Gentry*, Case No. 4:22-cv-04098. Pursuant to the Prison Litigation Reform Act, separate cases for the 20 inmates were opened, including this case. (ECF No. 2). The provisional filing Order directed Plaintiff to file a completed *in forma pauperis* application and an Amended Complaint. (*Id*.)

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

Plaintiff filed his IFP application and his First Amended Complaint on October 4, 2022. (ECF Nos. 4, 5). Because Plaintiff failed to identify the amount of funds identified on the form as required, the Court entered an Order directing Plaintiff to correct these deficiencies on another IFP application. (ECF No. 6).

In his second IFP application, Plaintiff stated that SCSO staff refused to complete the required certificate of inmate account. (ECF No. 7 at 3). On October 26, 2022, the Court entered an Order directing the SCSO Jail Administrator to complete and return the certificate by November 9, 2022. (ECF No. 8). A completed certificate was filed on November 7, 2022. (ECF No. 9). Plaintiff was granted IFP status on November 8, 2022. (ECF No. 10). On December 5, 2022, the Court entered an Order directing Plaintiff to submit a Second Amended Complaint to correct deficiencies in his First Amended Complaint by December 27, 2022. (ECF No. 12). Plaintiff filed his Second Amended Complaint on January 10, 2023. (ECF No. 13).

Plaintiff alleges that on August 10, 2022, Defendant Gentry ordered Defendant Fowler to enter Plaintiff's barracks and test inmates for COVID after "several complaints of people being sick." (*Id*. at 4). Plaintiff alleges Defendant Fowler gave him a test and told him he had COVID, then came back in a few minutes and told him that the tests were given "haphazardly and unprofessional," and he did not have COVID. (*Id*.). He alleges he therefore "went untreated for COVID and was sick and in pain for several days." (*Id*.). He does not know if he had it that day or contracted the illness from others. (*Id*.). Plaintiff does not indicate how he knew he had COVID. The inmates in his barracks were told they were to stay in the barracks and let COVID "run its course." (*Id*.). Plaintiff does not indicate who told him this. Inmates in the barracks were also denied cleaning supplies. (*Id*.). Plaintiff does not indicate who denied them cleaning supplies. For the official capacity portion of his claim, Plaintiff alleges that the policy or widespread practice

which violated his rights was "not trying to isolate the illness, refused timely grievances[2] and medical attention, as well as no cleaning supplies." (*Id*. at 5).

Plaintiff names Defendants Gentry, Walcott, and Fowler as Defendant for his claim. (*Id*. at 4). He proceeds against these Defendant in both their official and individual capacities. (*Id*. at 5). He seeks compensatory and punitive damages, and for all Defendants to resign. (*Id*. at 9).

## II. LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting*

---

[2] The Eighth Circuit has made it clear prisoners do not have a constitutional right to a prison grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (no claim when "various defendants denied his grievances or otherwise refused to help him"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (no claim when defendants failed to timely and properly respond to a grievance). Thus, to the extent that this statement could be interpreted as the denial of a grievance or complaint process, it will not be considered further.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Defendants Gentry and Wolcott

Plaintiff failed to state how Defendant Gentry or Defendant Wolcott were personally involved in any violation of his constitutional rights. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff failed to state any facts as to Defendant Wolcott, and states only that Defendant Gentry ordered Defendant Fowler to administer COVID tests. As such, Plaintiff has not alleged a causal link between either of these Defendants and his claims. *See Martin*, 780 F.2d 1337. (Even a *pro se* Plaintiff must allege specific facts sufficient to state a claim). Thus, Plaintiff's individual capacity claims against Defendants Gentry and Walcott are subject to dismissal.

#### B. Defendant Fowler

Plaintiff's claim against Defendant Fowler is she administered a COVID test, told him he had COVID, then told him the test was not administered properly, and he did not have COVID. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th

4

Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (citation omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (citation omitted). "Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Id.*

It is well settled that "[a] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal citation omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* (internal citations omitted). Despite this, issues of fact exist when there is a question of whether or not

5

medical staff exercised independent medical judgment, and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle,* 429 U.S. at 104–05. However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009). "A prisoner alleging a delay in treatment must present verifying medical evidence that the prison officials 'ignored an acute or escalating situation or that [these] delays adversely affected his prognosis[,]'" *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (citations omitted), unless the need for medical attention is obvious to a layperson, in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub,* 638 F.3d at 919 (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999)); *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995); *cf. Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

Here, Plaintiff's allegations fail to meet either prong of the deliberate indifference test. Plaintiff has not alleged that he was ever diagnosed with COVID by a medical professional. Nor has he alleged that Defendant Fowler ignored an acute or escalating situation, or that his medical prognosis was adversely affected by the alleged testing error or by being told that he did not have COVID. At most, Plaintiff's allegation indicates that Defendant Fowler was negligent in administering the COVID test, which is not sufficient to support a claim for medical indifference. *See Hill v. Page*, Case No. 321CV00046BRWJJV, 2021 WL 2677359, at *1 (E.D. Ark. June 8,

2021), *report and recommendation adopted*, Case No. 321CV00046BRWJJV, 2021 WL 2666851 (E.D. Ark. June 29, 2021), *aff'd*, 21-2782, Case No. 2021 WL 6808426 (8th Cir. Dec. 23, 2021) (collecting cases holding that inconsistent use of masks and other COVID prevention actions on a few occasions were mere negligence.)). Thus, Plaintiff's individual capacity claim against Defendant Fowler is subject to dismissal.

### C. Official Capacity Claims

A governmental entity can be held liable only when the constitutional violation was caused by a policy, custom, or failure to train or supervise. *Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658, 691 (1978). Plaintiff alleges that on August 10, 2022, the facility failed to isolate sick inmates and failed to provide timely medical attention. He identifies no SCSO policy, and a period of a single day is insufficient to establish the existence of an unconstitutional custom. *See Johnson v. Douglas County Med. Dept.*, 725 F.3d 825, 828 (8th Cir. 2013) (to establish the existence of an unconstitutional custom, incidents must occur "over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials."). Accordingly, all of the official capacity claims should be dismissed.

### IV. CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **29th day of March 2023**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE